UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS | : | CIVIL ACTION NO. |
| individually and P.P.A as guardian for | : | |
| K.H., a minor child, | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNMICHAEL O'HARE, | : | |
| ANTHONY PIA, and | : | |
| CITY OF HARTFORD, | : | OCTOBER 28, 2008 |
|     Defendants | : | |

## COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This is a civil rights action for monetary relief brought pursuant to Title 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, alleging violations of civil rights by two municipal officers of the Hartford Police Department.  The plaintiff claims that the officers trespassed onto the plaintiff's fenced yard without a search warrant, where one of the defendants shot and killed the family dog in the presence of the plaintiff's then 12 year old daughter.  The plaintiff also invokes supplemental jurisdiction of the court regarding Connecticut state constitutional and tort claims.

**II.  JURISDICTION**

2. This action is brought pursuant to Title 42, United States Code §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Subject matter jurisdiction is founded upon Title 28 U.S.C. §§ 1331 and 1343, and the

aforementioned constitutional provisions.

4. The plaintiff also seeks to invoke supplemental jurisdiction under Title 28 U.S.C. § 1367.

### III.    PARTIES

5. The Plaintiff, Glen Harris, (hereinafter "Harris") has been at all times relevant to this complaint, a citizen of the United States and a resident of the Town of Hartford, Connecticut.  He is the father and guardian of the minor child, K.H.  At all relevant times, he was the owner of a single-family residence located at 297 Enfield Street in the City of Hartford.

6. During all relevant times mentioned in this complaint, the Defendants, Johnmichael O'Hare (hereinafter "O'Hare"), and Anthony Pia (hereinafter "Pia"), were municipal employees of the City of Hartford, Connecticut, employed as patrol officers for the Hartford Police Department.  Defendants O'Hare and Pia are sued in their individual capacities.

7. The Defendant, City Of Hartford (hereinafter "City"), is a municipal corporation incorporated pursuant to the laws of the State of Connecticut.  At all relevant times herein, it employed the Defendants O'Hare and Pia.

### IV.    FACTS

8. On or about December 20, 2006, Defendants O'Hare and Pia entered the plaintiff's yard at 297 Enfield Street in Hartford, CT without a warrant, and conducted an illegal search. The defendants had no lawful basis or probable cause to enter the plaintiff's property.

9. The plaintiff's property was clearly designated as private property, and enclosed by a fence along the perimeter of the property.  The south side of the property was bordered by an

opaque wooden fence. Thus, the plaintiff's rear yard constituted the curtilage of the home, and was clearly demarcated so as to notify all persons that the plaintiff and his daughter possessed a reasonable expectation of privacy in their rear yard..

10. At the aforementioned date and time, attached to the front of the plaintiff's house was a sign that stated: "BEWARE OF THE DOG".

11. At the aforementioned date and time, the plaintiff's minor daughter, K.H., was playing with the family Saint Bernard dog, "Seven," when the Defendants O'Hare and Pia walked uninvited and unannounced into the back yard.

12. As the defendants entered the the rear yard, the Saint Bernard barked and approached them.

13. Defendants O'Hare and Pia suddenly turned and ran toward the front of the plaintiff's home, at which point Defendant O'Hare turned around and shot "Seven" in the chest, wounding the dog and causing it to fall to the ground.

14. Defendant O'Hare stood over the wounded dog, as K.H. approached screaming "don't shoot my dog." At that time, O'Hare aimed his department issued service revolver at "Seven's" right temple and fired at point blank range, thereby killing the dog in the presence of the plaintiff's minor daughter.

### V.     FIRST CAUSE OF ACTION (42 U.S.C. §1983 Illegal Search And Seizure)

15. The Defendants acted individually, jointly and severally, and in conspiracy with one another, and with other Hartford police officers, to deprive the plaintiff and his minor daughter of their clearly established federal constitutional rights to be free from unreasonable searches and

seizures, in violation of Title 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution. The illegal nature of the defendants' conduct was clearly established at the time of the incident described herein.

16. Defendant O'Hare, while illegally remaining on the plaintiff's property, unlawfully seized the plaintiff's pet dog by shooting it in the chest and head, without probable cause or other lawful justification, in violation of Title 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution.

17. Defendant Pia failed to prevent Defendant O'Hare from unlawfully shooting the plaintiff's dog, although he possessed a sworn duty to uphold state and federal laws.

VI.  **SECOND CAUSE OF ACTION** (Violation Of The Fourteenth Amendment's Due Process Clause By Defendant O'Hare)

18. The allegations contained in paragraphs 1 through 14 are hereby incorporated by reference as if fully set forth herein.

19. After Defendant O'Hare shot and wounded the plaintiff's Saint Bernard, rendering the dog immobile, he approached the helpless animal, deliberately aimed his service revolver at the dog's head, and executed the animal in the presence of the plaintiff's 12 year old daughter.

20. The actions of Defendant O'Hare as aforesaid were so extreme, callous and outrageous that they fell outside the scope of acceptable police behavior and shocks the conscious of civilized society, in violation of the Fourteenth Amendment to the United States Constitution and Title 42, U.S.C. § 1983.

VII.  **THIRD CAUSE OF ACTION** (State Constitutional Violation, Article I, § 7 By Defendants O'Hare and Pia)

21. The allegations contained in paragraphs 5 through 14 are hereby incorporated by reference as if fully set forth herein.

22. The Defendants' actions violated Article I, Section 7 of the Connecticut Constitution.

## VIII.  FOURTH CAUSE OF ACTION (Intentional Infliction of Emotional Distress Defendant O'Hare)

23. The allegations contained in paragraphs 5 through 14 are hereby incorporated by reference as if fully set forth herein.

24. Defendant O'Hare shot the plaintiffs' dog in the head in the presence of K.H., as she pleaded with the defendant not to shoot her dog. Said animal was already incapacitated when Defendant O'Hare fired the shot into "Seven's" temple. O'Hare knew or should have known that his actions would cause severe emotional distress to K.H.

25. By his actions, Defendant O'Hare intentionally or recklessly inflicted emotional distress on the plaintiff's minor daughter.

## IX.    FIFTH CAUSE OF ACTION (Trespass Claim Against Defendants O'Hare and Pia)

26. The allegations contained in paragraphs 5 through 14 are hereby incorporated by reference as if fully set forth herein.

27. Defendants O'Hare and Pia unlawfully entered upon the plaintiff's fenced yard without privilege to do so.

28. The actions of the defendants constituted a trespass under Connecticut law, resulting in damage to the plaintiff.

**X.     SIXTH CAUSE OF ACTION (Conversion Claim Against Defendant O'Hare)**

29. The allegations contained in paragraphs 5 through 14 are hereby incorporated by reference as if fully set forth herein**.**

30**.** Defendant O'Hare's unjustified and willful interference with the rights of the plaintiff and his minor daughter by killing the dog forever deprived the plaintiff of his property, a beloved family pet, resulting in damages.

**XI.    SEVENTH CAUSE OF ACTION (Negligence claim against Defendants O'Hare, Pia, and the City of Hartford)**

31.  The allegations contained in paragraphs 5 through 13 are hereby incorporated by reference as if fully set forth herein.

32. Defendants O'Hare and Pia were negligent and/or reckless in entering the plaintiff's property without lawful authority, thereby placing themselves in a situation that caused the plaintiff's dog to react and bark, resulting in the aforementioned harm to the plaintiffs.

33.  The defendants' negligence was a proximate cause of the plaintiffs' injuries.

**XII.   EIGHTH CAUSE OF ACTION (Indemnification against the City of Hartford)**

34. The allegations contained in paragraphs 1 through 33 are hereby incorporated by reference as if fully set forth herein.

35. On or about April 9, 2007, notice pursuant to statute was sent to the Town Clerk of the City of Hartford, alleging injury to the plaintiff as a result of the actions of defendants O'Hare and Pia as described in this complaint.

36. The defendant, City of Hartford, is legally responsible to indemnify and protect defendants O'Hare and Pia from any financial expense, including attorney's fees, incurred by the

plaintiff for which said defendants O'Hare and Pia are held liable, pursuant to Conn. Gen. Stat §§ 7-101a and 7-465.

XIII. **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs pray that this Court:

1. Assume jurisdiction over this action;

2. Award compensatory and/or nominal damages to the plaintiff;

3. Award punitive damages to the plaintiff;

4. Award costs of this action, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

5. Award attorneys' fees to the plaintiff pursuant to 42 U.S.C. §1988 and Connecticut common law;

6. Grant such other relief as law and equity may provide.

A jury trial is hereby demanded.

Dated at Hartford, Connecticut this 28th day of October, 2008.

        THE PLAINTIFFS –
        GLEN HARRIS, individually and P.P.A., as
        guardian and parent of K.H., a minor child.

By: _____
     Jon L. Schoenhorn
     Fed. Bar No. CT00119
     108 Oak Street
     Hartford, CT 06106
     Tel. No. (860) 278-3500

F:\SHARED\CLIENTS\Ayers-Harris\Ayers complaint.wpd