```
           UNITED STATES DISTRICT COURT
             DISTRICT OF CONNECTICUT

GLEN HARRIS, individually      :
and P.P.A. as guardian for     :
K.H., a minor chid,            :
                               :
          Plaintiff,           :
                               :
V.                             :  Case No. 3:08-CV-1644 (RNC)
                               :
JOHNMICHAEL O'HARE, ET AL.,    :
                               :
          Defendants.          :
```

                      RULING AND ORDER

This case is before the Court on the plaintiff's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, alternatively, a new trial pursuant to Fed. R. Civ. P. 59, and the defendants' renewed motion for judgment as a matter law based on qualified immunity. For reasons that follow, the plaintiff's motion is denied. Because the plaintiff's motion is denied, the defendants' motion is denied as moot.

The evidence presented at trial, viewed most favorably to the defendants, permitted the jury to find the following facts. On December 20, 2006, Officer O'Hare and another officer were on duty in a high crime area. Their assignment was to locate and seize illegal guns. They saw George Hemingway, a leader of the West Hill street gang, drop a package on the ground and walk away. Hemingway had recently been released from prison on a gun charge and was on parole. The officers inspected the package, found it contained a quantity of heroin, and seized Hemingway.

1

Hemingway immediately agreed to cooperate with the officers by providing information concerning the location of illegal guns. After placing a call on his cell phone, he told the officers that two guns were about to be placed in an abandoned Nissan Maxima in the back yard of 297 Enfield Street. Hemingway had no track record as an informant, but the officers credited his information concerning the guns. The experienced officers thought the information provided by Hemingway was reliable because members of the West Hill Street gang were known to move guns frequently for safekeeping, the tip was reasonably detailed, Hemingway was highly motivated to help the officers due to his legal predicament, and it would be against his interest to give them inaccurate information. The officers believed they had to act quickly to apprehend the person stashing the guns and to seize the guns before they could be moved to another location.

Officer O'Hare immediately drove to the address provided by Hemingway. He was accompanied by Officer Pia. The address proved to be the plaintiff's residence. The officers entered the front yard of the residence through an open gate, then moved along the right side of house in the direction of the back yard. They moved single-file with Officer O'Hare in the lead and Officer Pia following directly behind. The officers were holding their service weapons at their sides in a low ready position. When Officer O'Hare reached the rear corner of the house, he

peeked into the back yard, and saw the plaintiff's dog, a large Saint Bernard.  The dog saw the officer and ran toward him.  The officers immediately retreated as quickly as they could.  The dog pursued them and the officers could hear the dog barking and snarling as they ran.  When Officer O'Hare reached the front yard, he sensed that the dog would attack him from behind before he could safely reach the street.  He therefore turned toward the dog while raising his weapon in self-defense.  The dog continued to approach the officer then lunged in an aggressive manner.  As the dog lunged, the officer fired three shots in rapid succession.  One of the bullets entered the dog's skull causing a fatal wound.

II. <u>Discussion</u>

The plaintiff urges that he is entitled to judgment as a matter of law because the officers' warrantless entry into the yard was illegal under the Fourth Amendment and state law, and this illegality makes the defendants' liable for the killing of the dog.  A motion for judgment as a matter of law may be granted on an issue only when there is no legally sufficient evidentiary basis to support the jury verdict. Fed. R. Civ. P. 50(a); <u>Nadel v. Isaksson</u>, 321 F.3d 266, 272 (2d Cir. 2003).  In other words, the motion must be denied unless the "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be

but one conclusion as to the verdict that reasonable [persons] could have reached."  Id. (internal quotation omitted) (alteration in original).

Applying this standard, the plaintiff's motion is denied. The jury could reasonably conclude that the officers' entry was supported by probable cause and exigent circumstances.  See Loria v. Gorman, 306 F.3d 1271, 1283 (2d Cir. 2002).  "[T]he probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." United States v. Delossantos, 536 F.3d 155, 159 (2d Cir. 2008) (citations and internal quotation marks omitted).  Considering the totality of the circumstances, as the jury was obliged to do, the jury could credit the experienced officers' testimony that Hemingway's tip provided probable cause that two guns would be found at this location.

With regard to the issue of exigent circumstances, the jury could credit the officers' testimony that they had an urgent need to take action to seize the guns before a warrant could be obtained.  The officers explained that in their experience, illegal guns moved quickly, and they did not expect the guns to be in the Maxima for long.  The jury also could credit the officers' testimony that there was no reasonable alternative to entering the property to seize the guns, such as cordoning off

the property while a warrant was obtained.

Plaintiff's motion for a new trial is denied because the jury verdict is not against the clear weight of the evidence.

III. Conclusion

Accordingly, the plaintiff's motion for judgment as a matter of law or, alternatively, for a new trial is hereby denied, and defendants' renewed motion for judgment based on qualified immunity is hereby denied as moot.

```
                              /s/
                      Robert N. Chatigny
                   United States District Judge
```