UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS, Individually and P.P.A. | : | NO.:  3:08-CV-01644 (RNC) |
| as Guardian for K.H., a minor child | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNMICHAEL O'HARE, | : | |
| ANTHONY PIA, and | : | |
| CITY OF HARTFORD | : | AUGUST 16, 2016 |

## DEFENDANTS O'HARE AND PIA'S  OPPOSITION TO PLAINTIFFS MOTIONS IN LIMINE

The below-signed Defendants hereby submit the following opposition to the Plaintiff's Motions in Limine

**1.     Testimony from defense expert Stine regarding shell casings**.

The plaintiff seeks a hearing to limit the testimony of the defendants expert Joseph Stine regarding the shell casings that ejected from defendant O'Hare's gun when he fired three times at the plaintiffs dog. The Plaintiff is calling an expert on this very issue. No hearing is necessary on this issue. The defendant will elicit proper foundation for this testimony at trial, and if the court determines that the proper foundation is not present then the questioning can be restricted accordingly. If necessary, and offer of proof can be made on this issue outside the presence of the jury. The expert is from Philadelphia and the defendants would be prejudiced if they were required to bring him to Connecticut for a pretrial hearing on this issue, and then bring him back again for testimony at trial.

**2.     Testimony regarding Hartford being the seventh most dangerous city**

This testimony was admitted at trial 1.  It is relevant in trial 2 even though the Court of Appeals has determined that the police officers lacked exigent circumstances to enter the plaintiffs property without a warrant. The plaintiff is pursuing a claim that the defendants reckless disregard of constitutional rights should entitle plaintiff to punitive damages.  The defendants experience in securing illegal guns, and having seen a report that Hartford is the seventh most dangerous city is relevant to explain why they followed the tip of the gang member and looked for guns in the backyard of 297 Enfield St.. Combined with the fact that the Court of Appeals has determined the officers had probable cause to believe the illegal weapons were, in fact, behind 297 Enfield St., the reading of the report that Hartford was the seventh most dangerous city bears on the

issue of whether the officers were reckless when they made a judgment that it was critical to get the illegal guns secured.

### 3. Evidence as to what the defendant officers heard officer Laureano state regarding the illegal guns

The defendant officers should be allowed to testify what they heard from Officer Laureano prior to their moving to 297 Enfield St. to look for illegal guns. This testimony tends to show why the defendants went to 297 Enfield St., and that they had a valid police reason for doing so. If not allowed, the jury would be left with the impression that the defendants just decided randomly to walk into a backyard to see if they could find illegal guns. If the plaintiff believes there is an inconsistency between the testimony of Officers O'Hare, Pia and Laureano, that can be explored on cross-examination and/or argued to the jury. However, the defendant officers, who are facing claims for punitive damages, are entitled to explain to the jury what the reason is why they went to 297 Enfield St. The fact that the officers went onto the plaintiffs property with probable cause to believe that illegal guns were there, is relevant to demonstrate that the actions were not taken in reckless disregard of constitutional rights.

### 4. Defendant O'Hare's subjective belief his life was in danger

This testimony is admissible because the standard for use of deadly force is the police officers reasonable perception of death or serious physical injury. Officer O'Hare's testimony that he felt that his life was in danger is relevant to the issue of whether the use of force was justified. Officer O'Hare's perception will be judged by a reasonableness standard, and he will further testify as to the factors that led to this perception. However, he is entitled to report to the jury that the reason he used deadly force was because he perceived the rapidly approaching dog to be an imminent threat of serious physical injury or death.  The need to explain the justification for the use of deadly fore is particularly important in a case where punitive damages are claimed.

### 5. Evidence that the plaintiff owned a licensed firearm.

This testimony is relevant because it was elicited at trial 1 to impeach the testimony of witnesses Tashonna Ayers, who admitted at trial that she lied to Glenn Harris about the presence of his gun. There is no claim that the subject gun was illegal, or that Mr. Harris was part of any investigation of any kind. It was offered purely as impeachment evidence of to Tashonna Ayers.  This impeachment evidence was important because Ms. Ayers was the only nonparty witness to the subject event.

### 6. Characterization of the plaintiffs dog as vicious or in attack mode.

The defendants have no intention in commenting on what they believe to be the character of the plaintiffs dog, and object to any testimony from the plaintiffs regarding the dogs character. The Defendants testimony will center on their perception that the

2

dog represented an immediate threat of serious physical injury, or possibly death, which justified the use of deadly force, at the moment deadly force was applied. It, thus, is critical for the defendant O'Hare to be able to testify that he believed his life was endangered by the charging dog, and concluded the dog was planning to attack him..

                          DEFENDANTS,
                          JOHNMICHAEL O'HARE
                          and ANTHONY PIA

                      By *Thomas R. Gerarde*
                      Thomas R. Gerarde
                      ct05640
                      Howd & Ludorf, LLC
                      65 Wethersfield Avenue
                      Hartford, CT  06114-11921
                      Ph:  (860) 249-1361
                      Fax:  (860) 249-7665
                      E-mail: tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that on **August 16, 2016**, a copy of the foregoing OPPOSITION TO MOTIONS IN LIMINE was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esq.
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT  06106-1514

Nathalie Feola-Guerrieri, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

                                                  By *Thomas R. Gerarde*
                                                    Thomas R. Gerarde