UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS, Individually and P.P.A. as Guardian for K.H., a minor child | : : : | NO.: 3:08CV01644-RNC |
| v. | : : | |
| JOHNMICHAEL O'HARE, ANTHONY PIA, and CITY OF HARTFORD | : : : | SEPTEMBER 8, 2016 |

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' OBJECTION (DOC 198) AND OBJECTION TO PLAINTIFFS' MOTION FOR ORDER (DOC 197)

In response to plaintiffs' lengthy memorandum in support of their attempt to bring the events of a prior incident into the retrial of the above matter (doc 198), the defendants submit the following:

1.　The Court of Appeals made affirmative findings that the defendants had probable cause to believe that illegal guns were at 297 Enfield Street, but lacked the exigent circumstances necessary to enter that property without a search warrant.

2.　This is the law of the case, and plaintiffs cannot relitigate the probable cause issue any more than the defendants could make a new presentation that would establish that exigent circumstances existed or that they are entitled to qualified immunity on the Fourth Amendment entry.

3.　The Court of Appeals ordered that a hearing in damages take place regarding the Fourth Amendment entry, and left every other aspect of the retrial to the sound discretion of the trial court.

4.　The defendants submit that because the plaintiffs availed themselves of a full and fair opportunity to prove the defendants violated the Fourth and/or Fourteenth

Amendments in connection with the seizure of the plaintiffs' dog, and failed in that proof, these issues should not be subject to retrial. State law claims related to the seizure of the plaintiffs' dog should not be subject to retrial as well.

5. The trespass claim based on state law should not be part of the retrial, given that the defendants were unquestionably in the performance of official police duties at the time of their entry, making them licensees and not trespassers.

6. There is no basis for a claim of punitive damages on the record already established, and the court should exercise its discretion to find that punitive damages for the Fourth Amendment entry should not be part of the hearing in damages on retrial.

7. The retrial, thus, should be limited to an inquiry as to whether plaintiff Glenn Harris, as owner of the home at 297 Enfield Street, is entitled to compensatory damages or nominal damages for the Fourth Amendment entry. Plaintiff K.H. is not an owner of the home, and is not subject to receiving an award of damages for the Fourth Amendment entry. The first jury has already found unanimously that the defendants did not violate the Fourth Amendment or Fourteenth Amendment in connection with the seizure of the plaintiffs' dog, so K.H. should not be part of the retrial. Even if the seizure of the dog was a part of the retrial, Connecticut law does not allow recovery of emotional distress damages based on the loss of property, and pets are considered the property of an owner; thus K.H. is not subject to receiving an award of damages at trial.

8. The plaintiffs' attempt now to introduce facts concerning a prior incident in which the defendants were involved is not only untimely, given that this argument could have been attempted at the first trial, but it undermines the law of the case established by the Court of Appeals and it constitutes an attempt at impeachment through litigation of

collateral matters, essentially creating a trial within a trial on issues that are not even subject to retrial.

9. As a factual matter, the plaintiffs' attempt at impeachment on this collateral issue will not be successful, as undisputed facts demonstrate the automobile theft associated with the prior incident was called in at 1418 hours, Hartford Police Department officers were pulling case numbers at 1503 hours signaling that the event was over, and the call to Hartford Police Department dispatch that shots were fired at 297 Enfield Street was made at 1524 hours. There was ample time for the defendant officers to interact with George Hemingway and follow the tip to 297 Enfield Street. The defendants can provide documentary support if the court wishes to hold a hearing on the matter.

Finally, the defendants oppose the plaintiffs' motion for order (doc 197) that defendant O'Hare's medical records be disclosed and available for admission into evidence at retrial. Said medical records have no bearing on the hearing in damages ordered by the Court of Appeals, and are not relevant to any other issue in the retrial of the case.

DEFENDANTS,
JOHNMICHAEL O'HARE
and ANTHONY PIA

By  */s/ Thomas R. Gerarde*
   Thomas R. Gerarde
   ct05640
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:  (860) 249-1361
   Fax: (860) 249-7665
   E-mail: tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that on September 8, 2016, a copy of the foregoing Memorandum and Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esq.
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT 06106-1514

Nathalie Feola-Guerrieri, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

                                                       */s/ Thomas R. Gerarde*
                                                       Thomas R. Gerarde