UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS, Individually and PPA<br>as guardian for K.H., a minor child,<br>    Plaintiffs | : <br>: <br>: <br>: | CIVIL ACTION NO.: <br>3:08-CV-1644 (RNC) |
| v. | : <br>: | |
| JOHNMICHAEL O'HARE<br>ANTHONY PIA, and<br>CITY OF HARTFORD<br>    Defendants | : <br>: <br>: <br>: | SEPTEMBER 12, 2016 |

**CITY OF HARTFORD'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
SUPPLEMENTAL APPLICATION FOR PREJUDGMENT REMEDY (#195 & #205)**

The City of Hartford ("City") objects to the Plaintiffs' Application for Prejudgment Remedy dated September 7, 2016 (#195) and their Supplemental Memorandum dated September 9, 2016 (#205) (hereinafter referred to as "Application"), and represents in support, as follows:

**I.    PROCEDURAL BACKGROUND**

The Plaintiffs filed the instant action by Complaint dated October 28, 2008 (hereinafter "Complaint"). The Sixth Cause of Action in Plaintiffs' Complaint is asserted against the City of Hartford. In that count, Plaintiffs allege that the City is liable to them pursuant to §7-101a and §7-465 of the Connecticut General Statutes. This case has been pending since 2008.

**A. Plaintiffs' Waiver**

On February 26, 2009, the Plaintiffs served their First Set of Interrogatories and Production Requests. In those discovery requests, the Plaintiffs specifically requested, in several ways, information on the City's indemnification obligations. (Exhibit A, Relevant Excerpt from Plaintiff's Interrogatories and Requests for Production, Inspection and Examination Directed to Defendant City of Hartford dated February 26, 2009). On March 26, 2009, the City of Hartford complied and responded to the Plaintiffs' discovery requests. (See Exhibit B, Relevant Excerpt

1

from Defendant City of Hartford's Compliance with Plaintiffs' Discovery Requests dated March 26, 2009).[1] In Interrogatory No. 1(sic), the Plaintiffs requested Defendant to "[please identify any insurance policy the City of Hartford would use to indemnify a police officer's actions beginning October 5, 2004." The City's response was that **"a copy of the insurance policy is available for inspection at Corporation Counsel's Office, Suite 303, 550 Main Street, Hartford, Connecticut."** From March of 2009 to this date, the Plaintiff never sought inspection of the insurance policy referred to by the Defendant City.[2] In Interrogatory No. 2, Plaintiffs requested that Defendant City "[p]lease identify any and all policies or procedures in effect in the City of Hartford during the month of October 2004 that involve indemnification of Hartford police officers or town officials." The City's response was that "**[t]he Defendant City refers Plaintiff to the Connecticut General Statutes involving indemnification in effect during the time period.**" (Exhibit B).

For over seven (7) years, and three (3) years before commencement of the first jury trial, the City of Hartford has represented to all parties in this litigation that its obligation to indemnify the Defendant police officers in this matter is based upon the Connecticut General Statutes, i.e., C.G.S Sections 7-101a, 7-465 and 52-557n. The law establishes that a municipality is liable for damages caused by the negligence of its employees during the scope of their duties, even then, C.G.S. 52-557n explicitly shields a municipality from liability for damages caused by negligence

---

[1] It should be noted that Plaintiffs' counsel fails to attach the City's responses to the Plaintiffs' requests for information on indemnification policies.

[2] Plaintiffs devote much to the discussion of insurance coverage. However, the issue of insurance coverage is irrelevant and immaterial to the determination of probable cause necessary to support Plaintiffs' Application. Since it is well-established by the language of the Connecticut statutes and by Connecticut Supreme Court decisions interpreting those statutes that the City of Hartford is not liable to pay damages other than from those stemming from the negligence of its employees, there is no probable cause for the granting of an attachment against the City in this case.

which requires the exercise of judgment or discretion.  See, C.G.S. Sec. 52-557n; Coley v. City of Hartford, 312 Conn. 150, at 161-162.  Despite Plaintiffs' assertion that the City "stipulated" that it would indemnify under all circumstances and for all claims, there is no basis in the record to support that generalized contention.  The City has been consistent throughout this litigation that its duty to indemnify is based upon Connecticut law.   Under Connecticut law, the City **is** obligated to provide a defense to the defendant officers to this lawsuit, even though Plaintiffs allege malicious, wanton or willful misconduct.  However, the Connecticut Legislature specifically provides that the City is **not** obligated to pay a judgment entered against the defendant officers for any malicious, wanton or willful act.  C.G.S. §7-101a(b).  From a policy perspective, it makes perfect sense that a municipality is not required to sanction or reward such conduct and the City has never agreed it would voluntarily do so here.

There was never any "reversal" of position by the City.  In fact, at the prior trial in 2012, the Plaintiffs' counsel acknowledged and took issue with a reference made by the City that it would only indemnify the Defendant Officers under certain circumstances, i.e., as required by statute.  In the prior trial preliminary proceedings, Plaintiffs' counsel requested that the Court instruct the jury that the City will indemnify the Defendant Officers.  (Exhibit C, Vol. I, Trial Transcript, 5/21/12, p. 6, lines 22-24).  The Court did not instruct the jury on Plaintiffs' claim of indemnification.  (Exhibit D, Vol. I, Trial Transcript, 5/21/12, p. 10, lines 1-3).  The final jury instructions in the prior trial did not do so either.

Furthermore, just over five (5) months ago, on April 1, 2016, the Plaintiffs filed an Application for Prejudgment Remedy against the Defendant Officers (Doc. #179) (hereinafter "PJR").  At the very least, as of that time, the Plaintiffs realized that it had been harboring under the mistaken belief that the City would be voluntarily obliging itself to pay damages in this case.

In full recognition of the City's position, Plaintiffs' PJR was directed solely against the Defendant Officers, and not the City. In fact, in their PJR, Plaintiffs' counsel represented that "[i]f the City is refusing or unable to pay, then that is a problem between the City and its officers pursuant to statute."

Notwithstanding the Plaintiffs' claimed "surprise" as to the City's position concerning its indemnification obligations, the record establishes that since at least March 26, 2009, the City could not have made itself more perfectly clear.[3] If there is any "surprise" by the Plaintiffs, then it is the cause of Plaintiffs' own neglect and failure to research the law and to address any concerns at an earlier stage of these proceedings. The Plaintiffs have essentially waived any right to make Application against the City. In addition to Plaintiffs' waiver, it is an attempt to distract and unduly burden City's counsel and defense counsel from trial preparation and to apply pressure upon the City to resolve the matter by settlement. It is evident that the Application is pre-textual, given the timing of the filing, and given the fact that the Application filed by counsel fails to cite any legal authority or legal discussion to support its argument that Connecticut law requires indemnification of Plaintiffs' claims.[4] The Application filed days prior to trial, can only be meant to harass, vex, annoy and cause undue burden and expense upon the Defendant City at a time when the parties to the litigation are preparing for trial.

---

[3] The Defendant City served its Supplemental Compliance with Plaintiffs' discovery requests on September 8, 2016 (Exhibit E); and served its Second Supplemental Compliance on September 9, 2016. (Exhibit F).
[4] Since August 15, 2016, the City has set forth the legal authority for its position concerning indemnification in the City of Hartford's Motion in Limine to Preclude Reference to Plaintiffs' Indemnification and City of Hartford's Objection to Plaintiffs' Motion in Limine dated August 15, 2016 (Doc. 189-9, which is incorporated herein by reference. As of this date, the Plaintiffs have yet to present any Connecticut legal authority in opposition to the City's legal argument, and therefore, Plaintiffs' opposition should be deemed abandoned and waived.

4

The Application should be denied as it is untimely, the Plaintiffs having waived their rights to make Application, and it is filed without legal basis in order to vex, harass and burden the City at this late stage of the proceedings during trial preparation. Sanctions against Plaintiffs' counsel for filing this Application are warranted under the circumstances and should be awarded by this Court.

## II. LAW AND ARGUMENT

**A. There is no probable cause for an attachment remedy to issue against the City because there are no claims asserted by the Plaintiffs in this action which would invoke its liability under state law.**

Rule 64 of the Federal Rules of Civil Procedure provides for attachments "to secure satisfaction of the potential judgment" if that remedy "is available …under the law of the state where the court is located." Everspeed Enters. Ltd. Vs. Skaarup Shipping Int'l., 754 F.Supp.2d 395, 401 (D.Conn. 2010) (Emphasis supplied).

It is well established that a municipality cannot be held liable for the intentional torts of misconduct of its employees under Connecticut law. All of the Plaintiffs' remaining claims[5] against the Defendant Officers in this matter allege intentional, willful, wanton and malicious states of mind. For example, in the First Cause of Action (Illegal Search and Seizure); Second Cause of Action (Violation of the Fourteenth Amendment's Due Process Clause; Third Cause of Action (intentional infliction of emotional distress); Fourth Cause of Action (trespass); and in the Fifth Cause of Action (conversion), found against Defendant Officers, its employees.

---

[5] Plaintiff's Complaint originally alleged a negligence cause of action against Defendant Officers and the City of Hartford. However, the Plaintiffs voluntarily withdrew their negligence claims prior to the initial jury trial, and does not allege negligence in this still, as reflected in the Joint Trial Memorandum (Doc. #189). The Plaintiffs have voluntarily chosen to proceed against the Defendant Officers on the basis of intentional, willful, wanton and malicious misconduct, seeking punitive damages. Since all claims upon which the City could be liable have been withdrawn, the City should be dismissed from this litigation.

**1. C.G.S. 7-101a**

Section 7-101a of the General Statutes requires that "municipalities indemnify municipal employees for negligent actions occurring in the scope of employment." St. George v. Gordon, 264 Conn. 538, 559, 825 A.2d 90 (2003). This statute does not provide a right of action by a plaintiff against the municipality itself. If the Defendant Officers are alleged to have engaged in intentional and purposeful conduct, then it cannot also be negligent conduct. "When a plaintiff brings excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." Naccarato v. Scarselli, 124 F. Supp. 2d 36, 45 (N.D.N.Y. 2000). See also Mazurkiewicz v. New York City Transit Authority, 810 F.Supp. 563, 570-71 (S.D.N.Y. 1993) ("Plaintiff cannot argue that defendants engaged in intentional conduct that forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent towards plaintiff."); Frappier v. City of Waterbury, 2008 WL 4980362 (D.Conn. 2008) (granting summary judgment to defendants on plaintiff's negligent infliction of emotional distress claim because plaintiff also brought claims of excessive force and intentional infliction of emotional distress). Because the City of Hartford is not liable for the intentional, willful or wanton conduct of its employees under Section 7-101a and 7-465, the Plaintiffs lack probable cause for an attachment in this case. This is consistent with Connecticut law as recognized in this district. The district court in Bussolari v. City of Hartford, ruled on summary judgment motions filed by the defendants, that:

> All of plaintiff's claims against the City arise from his claims of negligence against the individual police officers. *See* Conn. Gen. Stat. §7-465 (providing that municipalities will pay for civil rights damages occurring during the scope of employment duties if not a willful or wanton act); Conn. Gen. Stat. §7-101a (protecting municipal employees from negligence claims in the scope of employment duties); Conn. Gen. Stat.§52-557n (establishing municipal liability for negligent acts of employees, except for discretionary acts). Because the negligence claims

6

against the individual officer defendants shall proceed to trial, the City of Hartford may also properly remain as a defendant in this case…. I …leave it to the jury to determine the defendant officers' liability. Then, after trial, I will examine the City's liability under the indemnification statutes if necessary.

(See Exhibit G; Bussolari v. City of Hartford, Civil Action No. 3:14-cv-00149 (JAM), at *9-10 [Claims Against the City of Hartford].)

Likewise, the district court in Rogoz v. City of Hartford, granted the City of Hartford's motion in limine to preclude any reference at trial to the plaintiff's statutory indemnification claim against it, holding that the City's duty to indemnify (pay damages) was dependent upon a jury finding that the defendant officer was negligent. (See Exhibit H; Rogoz v. City of Hartford, Civil Action No. 3:11-cv-00500-VLB).

In Outlaw v. City of Hartford, Civil Action No. 3:07-cv-1769-GWC, the City filed a motion in limine to preclude reference to any indemnification claim (Doc. #150) and the district court granted the motion (Doc. #175), in favor of the City's argument that it had no obligation to indemnify and pay a judgment entered against the defendant officer for his civil rights violations which required an intentional state of mind, in that case, excessive use of force.

**2. C.G.S. §7-465**

Under Connecticut law, Conn. Gen. Stat. § 7-465 is also an indemnity statute. Atwood v. Town of Ellington, 427 F.Supp.2d 136, 143 (2006). The statute reads:

> [a]ny town, city, or borough…shall pay on behalf of any employee of such municipality…all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property… <u>if</u> the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, <u>and if</u> such occurrence, accident, physical injury or damage <u>was not the result of any willful or wanton act of such employee in the discharge of such duty</u> …. Governmental immunity shall not be a defense in any action brought under this section. (emphasis added).

Conn. Gen. Stat. Sec. 7-465.

Conn. Gen. Stat. §7-101a and Conn. Gen. Stat. §7- 465(a) do not require indemnification by the City for damages resulting from the intentional, willful and wanton conduct of its employees. See Crawford v. City of Stamford, No. 3:11cv-1371 (JBA), 2014 WL 186417, *15 (D. Conn. Jan. 16, 2014) (Exhibit I).

"Section 7-465 is an indemnity statute; it does not create liability. Under Section 7-465, the municipality's duty to indemnify attaches only when the employee is found to be liable and the employee's actions do not fall within the exception for willful and wanton acts." Myers v. City of Hartford, 84 Conn. App. 395, 400, 853 A.2d 621 (2004). See also Holeman v. City of New London, 330 F.Supp.2d 99 (D.Conn. 2004), rev'd in part and dismissed in part on other grounds, 425 F.3d 184 (2d Cir. 2005). Section 7-465 imposes no liability upon a municipality for breach of any statutory duty of its own. Ahern v. New Haven, 190 Conn. 77, 82, 459 A.2d 118 (1983). The obligation imposed is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee, and the municipality's liability is derivative. Id. "[I]n a suit under § 7- 465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu v. Town of Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987)

The Connecticut Supreme Court has construed the indemnification statutes to exclude municipalities from liability for any intentional, willful, wanton or malicious conduct of a municipality's employees. Connecticut's district courts have recognized this limitation to the City's indemnification obligations.

"The plain and unambiguous language of § 7-465 provides that a municipality is not obligated to pay damages if the employee was acting in a willful or wanton manner." City of

West Haven v. Hartford Ins. Co., 221 Conn. 149, 156, 602 A.2d 988 (1992). The Connecticut Supreme Court has established that as a matter of law, "[w]illful" acts are synonymous with "intentional." Pane v. City of Danbury, 267 Conn. 669, 685 (2004). "Willful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of willful misconduct." (Citations omitted; Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533 n.5, 542 A.2d 711 (1988).

"To maintain a claim under section 7–465, plaintiffs *must* affirmatively plead and eventually prove that their injuries *were not* the result of the municipal employee's willful or wanton act." (Emphasis added.) Gillespie v. Ancona, No. 3:97-CV-2045 (EBB), 1999 WL 66538, at *6 (D. Conn. Feb. 4, 1999), citing, Martyn v. Donlin, 148 Conn. 27, 166 A.2d 856 (1961); Bombriant v. City of New Haven, 25 Conn.Supp 339, 203 A.2d 609 (1964); Bartucca v. City of Bristol, 23 Conn.Supp. 228, 181 A.2d 124 (1962); Karbowicz v. Borough of Naugatuck, 921 F.Supp. 77 (1995); Wilson v. City of Hartford, CIVA3:97CV00671(AWT), 1998 WL 229819, at *1 (D. Conn. Mar. 24, 1998); Faulks v. City of Hartford, No. 3:08cv270 (VLB), 2010 WL 259076, *15 (D. Conn. Jan.19, 2010). In other words, Plaintiffs must allege their injuries did not result from a municipal employee's intentional, willful or wanton acts. The Plaintiffs here are not alleging that the Defendant Officers were mistaken or negligent. The Plaintiffs are alleging the exact opposite, that the Defendant Officers intentionally, willfully, wantonly, and maliciously engaged in the actions that led to the alleged violations of the Plaintiffs' civil rights. Since all of these alleged civil rights violations contain an essential element requiring that the Defendant Officers intentionally engaged in actions amounting to their rights being violated[6].

---

[6] The Plaintiffs have failed to allege a negligence-based civil rights violation.

9

Once again, since all of Plaintiffs' claims against the Defendant Officers are those involving the intentional, willful and wanton misconduct of the Defendant Officers, the City cannot be held liable for indemnification as a matter of Connecticut law, and therefore there is no probable cause for the issuance of any attachment against the City in this matter or for the City of Hartford to remain as a defendant in this case.

For all of the foregoing reasons, it cannot be more clear that there was no legal or good faith basis upon which the Plaintiffs filed this Application at this late stage of the proceedings and in light of the well-established law and the procedural history of the case.

**B. Unlikely Success on the Merits.**

The Plaintiffs' case has already once been fully tried to a jury, and the jury returned a defense verdict on all counts. There is therefore no probable cause or likelihood that the Plaintiffs will prevail at this trial. As is stated by Defendant Officers in its recent filing (Doc. #203), the Court of Appeals made affirmative findings that Defendants had probable cause to believe that illegal guns were located at 297 Enfield Street, but lacked the exigent circumstances necessary to enter the property without a search warrant. An award of nominal damages will not necessarily make Plaintiffs prevailing parties in this case, entitling them to attorney's fees. An award of anything more than nominal damages, in light of the jury's defense verdict at the prior trial, is unlikely and not probable.

### III. CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, the Plaintiffs' Application should be denied and sanctions awarded in favor of the Defendant City and against the Plaintiffs for the City being required to expend the time necessary to respond to this Application when it would otherwise be preparing for trial.

        THE DEFENDANT,
        CITY OF HARTFORD


        BY: /s/Nathalie Feola-Guerrieri
        Nathalie Feola-Guerrieri
        Senior Assistant Corporation Counsel
        Fed. Bar No. ct17217
        550 Main Street, Suite 210
        Hartford, CT 06103
        Tel: (860) 757-9700
        Fax: (860) 722-8085
        Email: feoln001@hartford.gov

**CERTIFICATION OF SERVICE**

This is to hereby certify that on this 12th day of September, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

/s/ Nathalie Feola-Guerrieri
Nathalie Feola-Guerrieri
