UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS, Individually and P.P.A. as Guardian for K.H., a minor child | : | NO.: 3:08CV01644-RNC |
| v. | : | |
| JOHNMICHAEL O'HARE, ANTHONY PIA, and CITY OF HARTFORD | : | SEPTEMBER 14, 2016 |

## **DEFENDANTS' MOTION IN LIMINE**

The defendants, Johnmichael O'Hare and Anthony Pia, hereby move this Court to preclude the admission into evidence of plaintiffs' proposed exhibit #42, a photograph of Victor Rivera taken after his arrest on December 20, 2006.

**I.   BACKGROUND**

Defendant O'Hare was involved in the pursuit and apprehension of Mr. Rivera on December 20, 2006. On this date, Detective Paul Cicero of the Hartford Police Department initiated a traffic stop, believing that Mr. Rivera was driving a car that had been reported stolen on December 5, 2006. Instead of complying, Mr. Rivera attempted to evade the officers and led them to Rockville Street, where he exited the vehicle and fled on foot. Mr. Rivera climbed into the bed of a pickup truck that was parked along a chain-link fence and tried to climb over the fence to escape the officers. Defendant O'Hare also climbed into the bed of the truck and grabbed Mr. Rivera's leg to stop him from climbing the fence. Mr. Rivera kicked backwards, striking defendant O'Hare in the chest and knocking him several steps back, and continued trying to scale the fence. Defendant O'Hare struck Mr. Rivera once in the shoulder with his baton in an attempt to prevent him from escaping. Mr. Rivera then fell out of the bed of the truck and struck

his face/head on the pavement. He did not raise his arms or otherwise attempt to protect his face/head while falling. Hartford Police officers were able to take Mr. Rivera into custody at this point, although he continued to struggle, and summoned medical attention for him.

## II.  LAW AND ARGUMENT

### A. LEGAL STANDARD

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40, n.2 (1984) (explaining that the motion in limine is used "to exclude anticipated prejudicial evidence before the evidence is actually offered"); see also Palmieri v. Defaria et al., 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group et al., 937 F.Supp. 276, 283 (S.D.N.Y. 1996). Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-cv-5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998); Nat'l Union Fire Ins. Co. at 287. Alternatively, a district judge is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant]'s proffer." Luce at 41—42.

## B. PLAINTIFFS' EXHIBIT #42, PHOTOGRAPH OF VICTOR RIVERA

The plaintiffs seek to admit a photograph that was taken of Mr. Rivera's face after the incident. The photograph shows a large gash on his face, which he sustained when he fell to the pavement during the struggle.

Rule 402 of the Federal Rules of Evidence states that "[a]ll relevant evidence is admissible." Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." FED. R. EVID. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." FED. R. EVID. 402. However, Rule 403 states that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the evidence, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The defendants object to the use of this photograph as it is not probative of anything and its prejudicial effect outweighs any probative value that it may have. Multiple police reports describing the pursuit and eventual apprehension of Mr. Rivera have been admitted, and they explain that Mr. Rivera fell out of the bed of the truck while struggling with defendant O'Hare and hit his face/head on the ground. These reports, from several officers, are more than sufficient to establish what occurred, including the active involvement of defendant O'Hare. Meanwhile, the photograph does

not prove anything but it could lead to the inference that defendant O'Hare used excessive force while apprehending Mr. Rivera, which is prejudicial to the defendants.

## III. CONCLUSION

For the foregoing reasons, the defendants request that plaintiffs' proposed exhibit #42, the photograph of Victor Rivera, be precluded from trial.

DEFENDANTS,
JOHNMICHAEL O'HARE
and ANTHONY PIA

By  */s/ Thomas R. Gerarde*
　　Thomas R. Gerarde
　　ct05640
　　Howd & Ludorf, LLC
　　65 Wethersfield Avenue
　　Hartford, CT  06114-11921
　　Ph:  (860) 249-1361
　　Fax: (860) 249-7665
　　E-mail: tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that on September 14, 2016, a copy of the foregoing Motion In Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esq.
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT 06106-1514

Nathalie Feola-Guerrieri, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

                                                       */s/ Thomas R. Gerarde*
                                                  Thomas R. Gerarde