UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN HARRIS, Individually and P.P.A. as Guardian for K.H., a minor child | : : : | NO.: 3:08CV01644-RNC |
| v. | : : | |
| JOHNMICHAEL O'HARE, ANTHONY PIA, and CITY OF HARTFORD | : : : | NOVEMBER 23, 2016 |

### DEFENDANT, JOHNMICHAEL O'HARE'S, OBJECTION TO PLAINTIFFS' MOTION FOR CONTEMPT

Defendant, Johnmichael O'Hare, categorically denies any misrepresentation regarding his expectation with respect to his being indemnified in this matter. Defendant O'Hare consistently has stated that he should be indemnified for all actions taken within the scope of his duty that are not determined to be willful wanton or malicious. This is a statutory requirement pursuant to C.G.S. § 7–465 and C.G.S. § 7–101a.  Translated to the facts of the case at bar, Defendant O'Hare submits that he has a right to be indemnified for any of his actions taken as a City of Hartford police officer as found by the jury in its recent verdict.  The Defendant has consistently represented that he would not likely be entitled to indemnification if Plaintiffs had proved their claim that Defendant O'Hare shot and killed an already wounded dog that posed no threat to him. This claim has now been rejected by two unanimous juries, the first in a 9-0 decision and the second in an 8-0 decision.  Defendant O'Hare further has been consistent in his acknowledgement that there may not be a right to indemnification for punitive damages awarded against him. He has not committed fraud, as suggested by Plaintiffs.

With regard to a freezing of the Defendant's assets, Defendant O'Hare's voluntary agreement to maintain status quo, articulated in December 2015, was a commitment that there would be no activity as to his real estate, trust accounts, or a large assets. This voluntary commitment did not involve cash accounts used to pay support for the Defendant, his wife from whom he is separated, and his three children. The Defendant has kept his word as to all of these representations.

With respect to the cash account addressed by Plaintiffs in their motion, the Defendant disclosed in a financial affidavit that, as of October 17, 2016, he had a balance of $23,508.06; that it was comprised of wages from employment; that his interest in the account was $11,754.03; and that the remainder of the funds were his wife's. (See Doc. 283-2).  Defendant has been separated from his wife since November 15, 2015, and his wife lives in the family home as a single parent of their three children, ages 11, 8, and 6. The Defendant's wife withdrew her funds from the account, which she had a legal right to do, which the Defendant could not prevent, and which she needed to do to support herself, the family home, and her children.  As to the $11,754.03 in the account that were Defendant O'Hare's wages, the Defendant sought alternate legal counsel and was advised that any money that constitutes wages cannot be garnished pre-judgment under Connecticut law. The Defendant specifically identified the funds in the account that has been frozen by Plaintiff as being comprised of wages, and the Defendant withdrew funds necessary for his support in a leased apartment and for his contribution to his wife and children's support.

Pursuant to this Court's recent order, all post-trial issues regarding damages and indemnification will be argued on January 4, 2017, and judgment is anticipated soon

thereafter.  At that time, the restrictions on prejudgment attachments will no longer apply and the Court will be in a position to hold a meaningful hearing regarding any outstanding judgment against the Defendant that is not subject to indemnification, and determine whether any garnishment of wages might be appropriate. For now, the Plaintiffs' motion for contempt should be denied, given that the Defendant is not in contempt of any court order.

DEFENDANT,
JOHNMICHAEL O'HARE

By   */s/ Thomas R. Gerarde*
    Thomas R. Gerarde
    ct05640
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114-11921
    Ph:  (860) 249-1361
    Fax: (860) 249-7665
    E-mail: tgerarde@hl-law.com

## **CERTIFICATION**

       This is to certify that on November 23, 2016, a copy of the foregoing Objection to Plaintiffs' Motion for Contempt was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esq.
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT  06106-1514

Nathalie Feola-Guerrieri, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

                                                */s/ Thomas R. Gerarde*
                                                Thomas R. Gerarde